United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-10891-mdc |
| Karen Paulk | Chapter 13 |
|     Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Dec 01, 2020 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 03, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Karen Paulk, 7 Van Horn Place, Southampton, PA 18966-5501 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 03, 2020        Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 1, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BRAD J. SADEK | on behalf of Debtor Karen Paulk brad@sadeklaw.com  bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com |
| JONATHAN WILKES CHATHAM | on behalf of Creditor PA Dept of Revenue RA-occbankruptcy7@pa.gov |
| MARIO J. HANYON | on behalf of Creditor Wilmington Savings Fund Society  FSB, et.al. mario.hanyon@brockandscott.com, wbecf@brockandscott.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Wilmington Savings Fund Society  FSB, as trustee of Stanwich Mortgage Loan Trust F bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Wilmington Savings Fund Society  FSB, et.al. bkgroup@kmllawgroup.com |

District/off: 0313-2     User: Adminstra     Page 2 of 2
Date Rcvd: Dec 01, 2020     Form ID: pdf900     Total Noticed: 1

THOMAS YOUNG.HAE SONG
on behalf of Creditor Wilmington Savings Fund Society FSB, et.al. paeb@fedphe.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

WILLIAM C. MILLER, Esq.
on behalf of Trustee WILLIAM C. MILLER Esq. ecfemails@ph13trustee.com, philaecf@gmail.com

WILLIAM C. MILLER, Esq.
ecfemails@ph13trustee.com  philaecf@gmail.com

TOTAL: 9

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Karen Paulk<br>Debtor(s) | CHAPTER 13 |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F<br>Movant<br>vs. | NO. 20-10891 MDC |
| Karen Paulk<br>Debtor(s) | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,870.82**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2020 through November 2020 at $1,613.28/month |
| Suspense Balance: | ($0.02) |
| Related Fees and Costs: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,870.82** |

2. The Debtor(s) shall cure said arrearages in the following manner;

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,870.82**.

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,870.82** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due December 1, 2020, and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,613.28 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: 11/9/2020

/s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

Date: 11/24/2020

Brad J. Sadek Esq.
Attorney for Debtor(s)

Date: November 25, 2020

/s/ LeeAne O. Huggins

William C. Miller, Esq.
Chapter 13 Trustee

No Objection -
Without Prejudice to
Any Trustee Rights or
Remedies

Approved by the Court this 30th day of November, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge